42 F.3d 1385
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Rusty Allen BENNETT, Petitioner-Appellant,
v.
WEST VIRGINIA DEPARTMENT OF CORRECTIONS; Art Ashley,
Kanawha County; George Trent, Warden,
Respondents-Appellees.
 No. 94-6992.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 31, 1994.
Decided Dec. 1, 1994.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden II, Chief District Judge. (CA-94-623-2)
 Rusty Allen Bennett, Appellant Pro Se.
 S.D.W.Va.
 DISMISSED.
 Before MURNAGHAN and NIEMEYER, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant seeks to appeal the district court's orders dismissing his 28 U.S.C. Sec. 2254 (1988) petition. Appellant's case was referred to a magistrate judge pursuant to 28 U.S.C. Sec. 636(b)(1)(B) (1988). The magistrate judge recommended that relief be denied and advised Appellant that failure to file timely objections to his recommendation could waive appellate review of a district court order based upon the recommendation. Despite this warning, Appellant failed to properly file objections to the magistrate judge's recommendation.* The district court dismissed the action with prejudice. Appellant appealed the dismissal.
 
 
 2
 In a second order filed after the appeal notice was docketed, the district court considered Appellant's objections even though they had not been properly filed, found them to be without merit, and again ordered the action dismissed with prejudice. Appellant filed an informal brief with this Court which we consider to be a second notice of appeal. See Smith v. Barry, 502 U.S. 244 (1992).
 
 
 3
 The timely filing of objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned that failure to object will waive appellate review. Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir.1985). See generally Thomas v. Arn, 474 U.S. 140 (1985). Generally, the district court cannot reopen a case on its own motion and issue a different opinion after an appeal has been docketed. See Williams v. McKenzie, 576 F.2d 566, 569-70 (4th Cir.1978). However, in this case, the district court was under no obligation to consider Appellant's objections because they were not properly filed. In addition, our review of the record, including the objections to the magistrate judge's report, reveals that this appeal is without merit under Rule 9(b) of the Rules Governing 28 U.S.C. Sec. 2254 Cases.
 
 
 4
 Therefore, under either the first or second order, dismissal of the Sec. 2254 petition was proper. We accordingly deny a certificate of probable cause to appeal and dismiss the appeal.
 
 
 5
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 DISMISSED
 
 
 *
 While the district court apparently received a copy of Appellant's objections, the district court has stated that Appellant failed to properly file those objections with the clerk's office, as he was notified he had to do, and as is required by Fed.R.Civ.P. 72(b)